UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LIBERTY ANNE GUEST,**

    **Plaintiff,**

v.                                          **Case No. 8:23-cv-00717-AAS**

**MARTIN O'MALLEY,**
**Commissioner of the Social**
**Security Administration,**[1]

    **Defendant.**
_____/

**ORDER**

Plaintiff Liberty Anne Guest's counsel Richard A. Culbertson moves for an award of attorney's fees under 42 U.S.C. § 406(b) of $8,067.43, which represents 25% of Mr. Guest's past-due Social Security disability benefits.[2] (Doc. 24). The Commissioner responds that it does not oppose the attorney's fees request but that the fees are the property of Ms. Guest and the Commissioner acts as a "trustee" of those funds.[3] (Doc. 25).

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

[2] The court recognizes that Attorney Culbertson requests $3,147.12, which is the offset of counsel's attorney's fees award received under the Equal Access to Justice Act. However, this is not the appropriate procedure to obtain fees under Section 406(b). *See Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012).

[3] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F.

1

In a determination dated December 31, 2013, Ms. Guest was found disabled as of September 1, 2013. (Tr. 17). On May 11, 2017, the Social Security Administration determined Ms. Guest was no longer disabled. (Tr. 187–91). That determination was upheld on reconsideration. (Tr. 210–16). Ms. Guest requested a hearing, which was held on July 28, 2021, before an Administrative Law Judge (ALJ). (Tr. 78–104, 217). On August 19, 2021, the ALJ determined Ms. Guest's disability ceased on May 1, 2017. (Tr. 157–82). Ms. Guest requested review of the hearing decision. (Tr. 441). On April 15, 2022, the Appeals Council entered a notice remanding the case to the ALJ. (Tr. 183–86).

On November 15, 2022, Ms. Guest attended a second administrative hearing before the ALJ. (Tr. 50–77). On November 29, 2022, the ALJ determined Ms. Guest's disability ceased on May 11, 2017. (Tr. 14–43). Ms. Guest requested review of the hearing decision. (Tr. 518). On February 16, 2023, the Appeals Council denied the request for review (Tr. 2–8). This appeal followed. (Doc. 1). The Commissioner then moved to remand the Commissioner's decision, which the court granted. (Docs. 20, 21). The Commissioner found Ms. Guest disabled on remand. (Doc. 24-2, p. 1).

Under Section 406(b), when a court enters judgment favorable to a Social

---

Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Ms. Guest agreed her counsel could request 25% of past-due benefits for attorney's fees, an award of attorney's fees of $8,067.43 is appropriate. (*See* Doc. 24-1).

The court awarded Ms. Guest's counsel $4,920.31 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 22). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Ms. Guest's counsel must refund any attorney's fees awarded under the EAJA.

Thus, the motion for attorney's fees under 42 U.S.C. § 406(b) (Doc. 24) is **GRANTED.** Ms. Guest's counsel is awarded **$8,067.43** in attorney's fees and must refund to Ms. Guest the $4,920.31 in attorney's fees received under the EAJA.

**ORDERED** in Tampa, Florida on October 1, 2024.

*[Signature: Amanda Arnold Sansone]*
AMANDA ARNOLD SANSONE
United States Magistrate Judge